# IN THE MATTER OF THE BANKRUPTCY OF T. AHUNG.

QUESTIONS RESERVED FROM CIRCUIT COURT, FIRST CIRCUIT.

HEARING, APRIL 5, 1894.                    DECISION, MAY 9, 1894.

JUDD, C.J., BICKERTON AND FREAR, JJ.

Section 7 of Chapter 22 of the Laws of 1888, authorizing a Circuit Court to imprison a bankrupt, if on his examination or on his application for discharge it shall appear that he has done or omitted to do certain acts, held to be unconstitutional. Such acts or omissions not being punishable criminally when committed, cannot be made so on the happening of another event which has no connection with them.

Such proceedings are not an exception to the general provision in Article 7 of the Constitution that no person shall be held to answer for any crime or offense unless upon indictment.

The petition against the bankrupt alleged that he failed to deliver up his cash book—the finding of the Court that he had not kept such a book is not responsive to the charge.

OPINION OF THE COURT, BY JUDD, C.J.

On the 14th May, 1892, T. Ahung, a trader in Honolulu, was adjudicated a bankrupt on his own petition and J. F.

Hackfeld was elected and qualified as his assignee. On the 29th June a sworn petition was filed by the assignee claiming that the bankrupt had failed to deliver him his cash book, the bankrupt claiming that he kept no cash book, although he did keep other books of account, and that the petitioner had reason to believe that the bankrupt with intent to defraud his creditors, had made fraudulent gifts of his property. The assignee prayed that the bankrupt might be summoned to appear before a judge of the Supreme Court to answer such interrogatories as might be put to him and to show cause why he should not be imprisoned as a fraudulent bankrupt under Sec. 7, Chap. 22, Laws of 1888.

An order was made for a summons to issue returnable on the 5th July, 1892.

No proceedings were had on this matter until March 7th, 1893, when it was procceeded with before a Judge of the Circuit Court, First Circuit. The bankrupt appeared and by counsel declined to be subjected to an examination on the ground that the statute of 1888 was unconstitutional. The objection was overruled *pro forma* and evidence was introduced. The bankrupt refused to testify and was not compelled to do so. Evidence was taken. The Circuit Judge held on the evidence that within three years before the commencement of the bankruptcy of T. Ahung and at the time of filing his petition he had failed to keep usual and reasonable books and accounts setting forth truthfully the state of his business transactions, and within the said time with intent to conceal the true state of his affairs willfully omitted to keep proper books or accounts and had violated the provisions of the Act of 1888—and sentenced him to be imprisoned at hard labor for the term of five months.

An appeal was noted and the bankrupt admitted to bail. The circuit court, on appeal, reserved the following questions for our determination.

(1.) Is Section 7 of Chapter 22, Laws of 1888, unconstitutional?

(2.) Can a Circuit Judge commit a bankrupt to prison on

a hearing for the purpose of examining the bankrupt, and on such proceedings as were held in this case, without presentation of a criminal charge?

(3.) Do the facts found warrant the commitment on the complaint filed in the said case, and does the complaint warrant the finding made?

The section referred to reads as follows: "If any bankrupt has committed any of the offences hereinafter enumerated, the Court may at the examination of the bankrupt, or on the hearing of the application for his discharge, by order under seal of the Court, adjudged said bankrupt to be imprisoned for any term not exceeding six months, with or without hard labor, that is to say, if the bankrupt——" does or fails to do certain enumerated acts, eight in number, among them being (3) that he "has with the intent to conceal the true state of his affairs willfully omitted to keep at any time proper books or accounts, or (4) has within three years before the commencement of the bankruptcy failed to keep usual and reasonable books and accounts setting forth truthfully the state of his business transactions.

The first question for our decision is whether this statute is unconstitutional. Counsel for the bankrupt relies upon *United States vs. Fox*, (95 U. S. 670.) In this case the defendant Fox was indicted in the District Court of the United States for the offense described in the Revised Statutes (9 subdivision of Sec. 5132) which provides that "every person respecting whom proceedings in bankruptcy are commenced, either upon his own petition or that of a creditor," who within three months before their commencement "under the false color and pretence of carrying on business, and dealing in the ordinary course of trade, obtains on credit from any person any goods or chattels with intent to defraud," shall be punished by imprisonment for a period not exceeding three years.

The Court per Field, Justice, said: "Upon principle, an act which is not an offense at the time it is committed cannot become such by any subsequent independent act of the party

with which it has no connection. By the clause in question, the obtaining of goods on credit upon false pretences is made an offense against the United States, upon the happening of a subsequent event, not perhaps in the contemplation of the party, and which may be brought about against his will, by the agency of another. The criminal intent essential to the commission of a public offense must exist when the act complained of is done, it cannot be imputed to a party from a subsequent independent transaction. There are cases, it is true, where a series of acts are necessary to constitute an offense, one act being an auxilliary to another in carrying out the criminal degree. But the present is not a case of that kind. Here an act which may have no relation to proceedings in bankruptcy becomes criminal, according as such proceedings may or may not be subsequently taken, either by the party or by another." The question asked of the Court was whether it was within the constitutional limits of Congressional legislation to subject a person to punishment for such transaction. The Court answered the question in the negative, thus holding the legislation to be unconstitutional. And we take it that the article that "no *ex post facto* law shall be passed" (Const. of U. S. 9 of Art. 1) is the one that inhibits such a law.

The case before us is similar and we think that the reasoning of *U. S. vs. Fox* should be applied to it. Our Constitution, Art. 16, prohibits the enacting of retrospective laws, which we presume was intended to prohibit *ex post facto* legislation as well. The failure to keep usual and reasonable books of account which set forth truthfully the state of one's business is not a *malum in se*, and our statute only undertakes to make it a *malum prohibitum* upon the contingency of the person being made a bankrupt. The omitting to do an act or the doing of an act which are perfectly innocent in themselves and which are not required by any law to be done or forbidden are sought to be made punishable when and only when a future event occurs which has no connection with them. This violates the principle that a person is not punishable criminally for what was not

criminal when done, and a law which proposes to do this is retrospective in its operation. See 1 Bishop, Crim. Law, Sec. 208.

This statute under consideration (Sec. 7 of Chap. 22, Acts of 1888) is not retrospective generally because passed after the acts or omissions charged against the bankrupt happened, —for it went into effect over three years before the bankruptcy of Ahung, but as we have seen, it is retrospective in its operation. If a law should be passed making punishable certain acts or omissions when done or omitted to be done by a person with the intent to defraud his creditors it would not be objectionable, for in that case the act or omission would be criminal in itself and the act and intent would concur.

The case of *U. S. vs. Fox*, contained another reason to sustain its holding, in that the United States Congress had only granted powers, and among them the power to "establish uniform laws on the subject of bankruptcies throughout the United States," and though it had power to enforce by suitable penalties all legislation necessary to the execution of this power,—when an act committed in one of the States has no relation to the execution of this power of the United States, it is not within the federal jurisdiction. This additional reason is not pertinent to our case.

We answer the first question reserved in the affirmative.

To the second question we return a negative answer. Article 7 of the Constitution only excepts cases of impeachment and offenses within the jurisdiction of a police or district justice or in summary proceedings for contempt from the general provision that "no person shall be held to answer for any crime or offense unless upon indictment fully and plainly describing such crime or offense." The power of a Circuit Judge sitting in bankruptcy to punish the bankrupt by imprisonment on his examination or when he applies for his discharge, is not one of the exceptions, and the petition for his examination or the objections to his discharge cannot be considered as an indictment.

We are obliged also to answer the third question in the negative. The petition of the assignee alleges that the bankrupt has failed to deliver to the assignee his cash book, the bankrupt claiming that he kept no cash book although he did keep other books of account. The Circuit Judge found that he had kept no cash book—which is not responsive to the allegation. The failure to deliver the cash book is not one of the statutory grounds for summary punishment of a bankrupt, although it is a ground for refusing his discharge.

Having thus answered the reserved questions, we remit the case to the Circuit Court, First Circuit, with directions to discharge the bankrupt from the sentence of imprisonment.

*F. M. Hatch*, for the petitioner.

*C. W. Ashford*, for the bankrupt.