## United States v. Fox.

1. An act which is not an offence at the time it is committed cannot become such by any subsequent independent act of the party with which it has no connection. Accordingly, that part of sect. 5132, Rev. Stat., which declares that every person respecting whom proceedings in bankruptcy are commenced, either upon his own petition or that of a creditor, who, within three months before their commencement, obtains goods upon false pretences with intent to defraud shall be punished by imprisonment, is inoperative to render the act an offence, because its criminal character is to be determined by subsequent proceedings, which, at the time the goods were so obtained, may not have been in his contemplation, and may be instituted, against his will, by another.

2. It is competent for Congress to enforce, by suitable penalties, all legislation necessary or proper to the execution of powers with which it is intrusted; and any act committed with a view of evading such legislation, or fraudulently securing its benefits, may be made an offence against the United States. But it is otherwise, when an act committed in a State has no relation to the execution of a power of Congress, or to any matter within the jurisdiction of the United States.

On a certificate of division in opinion between the judges of the Circuit Court of the United States for the Southern District of New York.

In November, 1874, the defendant filed a petition in bankruptcy in the District Court for the Southern District of New York. In March, 1876, he was indicted in the Circuit Court for that district for alleged offences against the United States, and, among others, for the offence described in the ninth subdivision of sect. 5132 of the Revised Statutes, which provides that "every person respecting whom proceedings in bankruptcy are commenced, either upon his own petition or that of a creditor," who, within three months before their commencement, "under the false color and pretence of carrying on business, and dealing in the ordinary course of trade, obtains on credit from any person any goods or chattels with intent to defraud," shall be punished by imprisonment for a period not exceeding three years.

The indictment, among other things, charged the defendant with having, within three months previous to the commencement of his proceedings in bankruptcy, purchased and obtained on credit goods from several merchants in the city of New York, upon the pretence and representation of carrying on business

and dealing in the ordinary course of trade as a manufactu..er of clothing; whereas he was not carrying on business in the ordinary course of trade as such manufacturer, but was selling goods to some parties by the piece for cost, and to other parties at auction for less than cost, and that these pretences and representations were made to defraud the parties from whom the goods were purchased.

The defendant was convicted; and, upon a motion in arrest of judgment, the judges holding the Circuit Court were opposed in opinion, and have certified to this court the question upon which they differed. That question is thus stated in the certificate: —

"If a person shall engage in a transaction which, at the time of its occurrence, is not a violation of any law of the United States, to wit, the obtaining goods upon credit by false pretences, and if, subsequently thereto, proceedings in bankruptcy shall be commenced respecting him, is it within the constitutional limits of congressional legislation to subject him to punishment for such transaction considered in connection with the proceedings in bankruptcy?"

*Mr. Assistant Attorney-General Smith* for the United States.
*Mr. B. F. Tracy, contra.*

MR. JUSTICE FIELD delivered the opinion of the court.

The question presented by the certificate of division does not appear to us difficult of solution. Upon principle, an act which is not an offence at the time it is committed cannot become such by any subsequent independent act of the party with which it has no connection. By the clause in question, the obtaining of goods on credit upon false pretences is made an offence against the United States, upon the happening of a subsequent event, not perhaps in the contemplation of the party, and which may be brought about, against his will, by the agency of another. The criminal intent essential to the commission of a public offence must exist when the act complained of is done: it cannot be imputed to a party from a subsequent independent transaction. There are cases, it is true, where a series of acts are necessary to constitute an offence, one act being auxiliary to another in carrying out the criminal design.

But the present is not a case of that kind.   Here an act which may have no relation to proceedings in bankruptcy becomes criminal, according as such proceedings may or may not be subsequently taken, either by the party or by another.

There is no doubt of the competency of Congress to provide, by suitable penalties, for the enforcement of all legislation necessary or proper to the execution of powers with which it is intrusted.   And as it is authorized " to establish uniform laws on the subject of bankruptcies throughout the United States," it may embrace within its legislation whatever may be deemed important to a complete and effective bankrupt system.   The object of such a system is to secure a ratable distribution of the bankrupt's estate among his creditors, when he is unable to discharge his obligations in full, and at the same time to relieve the honest debtor from legal proceedings for his debts, upon a surrender of his property.   The distribution of the property is the principal object to be attained.   The discharge of the debtor is merely incidental, and is granted only where his conduct has been free from fraud in the creation of his indebtedness or the disposition of his property.   To legislate for the prevention of frauds in either of these particulars, when committed in contemplation of bankruptcy, would seem to be within the competency of Congress.   Any act committed with a view of evading the legislation of Congress passed in the execution of any of its powers, or of fraudulently securing the benefit of such legislation, may properly be made an offence against the United States.   But an act committed within a State, whether for a good or a bad purpose, or whether with an honest or a criminal intent, cannot be made an offence against the United States, unless it have some relation to the execution of a power of Congress, or to some matter within the jurisdiction of the United States.   An act not having any such relation is one in respect to which the State can alone legislate.

The act described in the ninth subdivision of sect. 5132 of the Revised Statutes is one which concerns only the State in which it is committed : it does not concern the United States.   It is quite possible that the framers of the statute intended it to apply only to acts committed in contemplation

of bankruptcy; but it does not say so, and we cannot supply qualifications which the legislature has failed to express.

Our answer to the question certified must be in the negative; and it will be so returned to the Circuit Court.