JONES *v.* THE STATE.

Where the purchaser of goods worth 25 cents delivered to the seller, for the purpose of making payment and receiving the correct change, a gold coin worth $20.00, the former ignorantly supposing that the coin was a silver dollar, and the latter, perceiving the mistake, retained the coin and returned only 75 cents in change, he was guilty of being a common cheat and swindler under the provisions of section 4595 of the code.
October 21, 1895.

Accusation of cheating and swindling. Before Judge Ross. City court of Macon. June term, 1895.

*M. G. Bayne*, for plaintiff in error.

*W. H. Felton, Jr., solicitor-general*, contra.

LUMPKIN, Justice.

A little girl was entrusted with a twenty dollar gold piece for the purpose of going to the market, buying a chicken, and returning with it and the change. The owner of the coin, through inadvertence, supposed it was a silver dollar, and the little girl was ignorant of its real value.

From the evidence for the State, which the jury evidently believed, it further appeared that the little girl went to the market, purchased a chicken of the accused at the price of twenty-five cents, and gave him the coin. He took it and said: "Do you want me to change all this money?" to which she replied: "It is a dollar." He turned to the light, examined the coin again, and gave a guttural sound, expressive of assent and most probably intended to induce the child to remain in the belief that the coin was in fact a silver dollar. At any rate, he returned her in change only seventy-five cents, which would, of course, have been the proper amount had the coin been only a dollar.

The conduct of the accused was undoubtedly fraudulent and criminal. The question is, was it larceny, or cheating and swindling? He was indicted for, and convicted of, the latter offense; and, in our opinion, this was legal and proper. Though ignorant of its true value, the girl in-

tended to pay, and did in fact pay, the twenty dollar gold piece to the accused. She parted with it voluntarily, and up to this point, no fraud, deception or dishonesty of any kind had been practiced upon her by the accused. He was rightly in possession of the coin, and had an inchoate title to it which would immediately have become complete and perfect if he had returned the proper amount of change, as he ought to have done. Certainly, it was not delivered to him upon a trust of any description, nor did he obtain possession of it against the girl's consent. If he had handed her $19.75, her ignorance of the value of the coin she had paid to him would have been of no consequence, and the whole transaction would have been perfectly legal and regular. His fraudulent conduct began when he ascertained that the girl believed the coin to be a silver dollar. The artful practice and the deceitful means which he employed consisted in adopting the necessary precautions to keep her in this belief, and thus enable him to obtain the valuable coin and satisfy her with the inadequate sum given back in change. His persuasive silence and equivocal assent to the girl's misstatement that the coin was only a dollar, while a less tangible form of deceitful practice than a more active form of artifice would have been, were none the less effectual in the accomplishment of his fraudulent design—perhaps they were the most effectual means he could have employed, because allaying suspicion on the part of the girl was essential to the success of his dishonest purpose. The ingenious cheat and swindler cannot escape punishment merely because he invents and employs less clumsy means of deceit, and more cunningly pursues his artful practices, than is usually the case with less adept and skillful members of his craft.

For the reasons above stated, the offense cannot be larceny; and if this be true, it falls directly within the description embraced in section 4595 of the code, defining the offence of being a common cheat and swindler. He

certainly used "deceitful means" and employed an "artful practice" by which the girl in question, representing the owner of the coin, was defrauded and cheated. The case of *Crofton* v. *State*, 79 *Ga.* 584, is altogether different. There, it appears that a newsboy entrusted the accused with a newspaper valued at five cents, and ninety-five cents in change, for the purpose of procuring and bringing back to him a dollar. It was a clear case of trust on the one side, and conversion of the property on the other, the title to which the newsboy never intended to pass to the accused, and even the possession of which was surrendered for a specified purpose only.          *Judgment affirmed.*