### 2015. ATLANTA SKIRT MFG. CO. *v.* JACOBS.

1. A discharge in bankruptcy does not release a bankrupt from liability for obtaining property by false pretenses or false representations.
2. It was for the jury to determine whether the circumstances adduced, even though they were slight, were sufficient to carry conviction of the existence of fraud perpetrated by false pretenses; and it was error to direct a verdict.
3. A false representation may consist in the purchasing of goods with no present purpose of paying for them, and in contemplation of a fraudulent insolvency.

DECIDED SEPTEMBER 28, 1910.

Appeal; from Fulton superior court—Judge Pendleton.   May 28, 1909.

*Horton Brothers & Burress,* for plaintiff.

*Mayson & Hill, Paul Johnson,* for defendant.

RUSSELL, J.   The Atlanta Skirt Manufacturing Company sued Jacobs in a justice's court on three promissory notes; and by consent of all parties the cases were appealed to the superior court and consolidated.   Jacobs' defense to the notes was his discharge in bankruptcy.   To avoid this discharge the plaintiff relied on section 17 of the bankruptcy law as amended in 1903, which provides as follows: "A discharge in bankruptcy shall release a bankrupt from all of his provable debts, except such as  .  .  are liabilities for obtaining property by false pretenses or false representations."   In support of this avoidance the plaintiff proved that for several years prior to the bankruptcy and prior to the giving of the notes, Jacobs had been running an account with it, and had from time to time given his notes for balances due.   Some of the notes involved in this suit were given about thirty days before the failure, which was involuntary.   It was estimated by the plaintiff and his witnesses that at that time the stock of goods in the defendant's shop was only about one fifth as valuable as it was thirty days before, when some of the goods represented by the notes were purchased.   The schedule in bankruptcy showed liabilities of $15,634.35, and assets aggregating approximately $13,000.   It was admitted that the notes were

properly scheduled. Jacobs made no positive representation or statement as to his condition at the time he purchased the goods from the plaintiff; the goods were sold by the latter on the faith of past dealings and on the confidence based on the appearance of prosperity indicated by the large size of the stock. There were, however, other circumstances from which it could be inferred that very soon after these goods were bought the defendant "made way" with a part of his stock of goods otherwise than in the due course of trade.

1. The judge directed a verdict for the defendant. In our opinion this was error. A discharge in bankruptcy does not release a bankrupt from liability for obtaining property by false pretenses or false representations. It is true that in order to avoid the discharge it was incumbent on the plaintiff to show that the liability upon the notes survived in spite of the discharge, because the notes represented the purchase-price of goods obtained by false pretenses or false representations.

2. But the duty of weighing the various facts and circumstances introduced upon the issue and of determining whether they could reasonably support the conclusion that the goods were obtained with a fraudulent intent was at last one for the jury. Fraud is not to be presumed, but slight circumstances may suffice to carry conviction of its existence.

3. A false representation may consist in the purchasing of goods with no present purpose of paying for them and in contemplation of a fraudulent insolvency. To buy goods without a present intention to pay is a false representation of one's intention. Therefore, to buy goods without a present intention to pay will avoid a discharge. Of course, ordinarily, promises to perform some act in the future will not amount to fraud in legal acceptation, although subsequently broken without excuse. This is especially true of a promise to pay money. Otherwise any breach of contract would amount to fraud. But the intent with which a promise which has been violated was made is for the jury. There was before the jury a combination of facts and circumstances (which we have not recited above) from which the jury might have inferred that the goods were bought by the defendant with such a purpose. It was at least significant that the number of the identi-

cal skirts sold by the plaintiff, found in the defendant's store, was multiplied after the discharge in bankruptcy.

*Judgment reversed.*