### 10329.  Brooks v. Pitts et al.

Jenkins, J.  1. While it is true that a discharge in bankruptcy does not release a bankrupt from liability for obtaining property by false pretenses or false representations (*Orr Shoe Co.* v. *Upshaw*, 13 *Ga. App.* 501 (2), 79 S. E. 362; *Brandt* v. *Klement*, 20 *Ga. App.* 664, 93 S. E. 255), and that false representations may consist in the purchasing of goods with no present purpose of paying for them, and in contemplation of a fraudulent insolvency, and that it is a question for the jury to determine from the evidence whether the circumstances adduced, even though they be slight, are sufficient to carry conviction of the existence of fraud perpetrated by false pretenses (*Atlanta Skirt Mfg. Co.* v. *Jacobs*, 8 *Ga. App.* 299 (2), 68 S. E. 1077), still there was in this case no evidence whatever to show that the goods, for the purchase-price of which the present suit was brought, were obtained by false pretenses or representations, consisting in the purchase thereof with no present purpose of paying therefor, and in contemplation of a fraudulent insolvency, or that the insolvency of the defendant was in fact fraudulent.  The mere fact that the defendant procured credit and promised to pay for an ordinary current purchase of goods, and subsequently failed to meet his obligation prior to the time that he voluntarily went into bankruptcy (some 34 days thereafter), is not of itself sufficient to bring the case within the ruling above announced, for ordinarily promises to perform some act in the future will not amount to fraud in legal acceptation, although subsequently broken without excuse, and especially is this true of a promise to pay money. Otherwise any breach of contract would amount to fraud. *Atlanta Skirt Mfg. Co.* v. *Jacobs*, supra.  The statement of the plaintiff, that he *heard*, a week or ten days after the sale, that the defendant was contemplating taking bankruptcy, was hearsay, and, even though admitted without objection, is without probative value.  *Michigan Mutual Life Ins. Co.* v. *Parker*, 10 *Ga. App.* 697 (73 S. E. 1096); *Rabun* v. *Commercial National Bank*, 21 *Ga. App.* 43 (93 S. E. 524).

2. Under the provisions of the present national bankruptcy act of 1898 (c. 541, 30 Stat. 544, U. S. Comp. St. 9585-9586) a discharge in bankruptcy releases a bankrupt from all his provable debts except those specifically mentioned by section 17 of the act, which includes those that have not been duly scheduled in time for proof and allowance, with the name of the creditor if known to the bankrupt, *unless* such creditor had notice or knowledge of the proceedings in bankruptcy. *Peterson* v. *Calhoun*, 137 *Ga.* 799 (74 S. E. 519); *Bank of Wrightsville* v. *Four Seasons*, 21 *Ga. App.* 453 (94 S. E. 649), and cases cited.  Thus, the defendant in this case having introduced in evidence a certified copy of his discharge in bankruptcy, and it being admitted by the plaintiff that he had actual knowledge of such bankruptcy proceedings in ample time to have proved his debt against the bankrupt, the evidence demanded a verdict for the defendant, and the superior court erred in dismissing the certiorari upon the ground that there was a disputed issue of fact involved, and that the defendant's remedy was an appeal to a jury in the justice's court.  See *Toole* v.

*Edmondson,* 104 *Ga.* 776 (31 S. E. 25); *Schultes* v. *Campos,* 5 *Ga. App.* 277 (63 S. E. 23).

> *Judgment reversed. Stephens and Smith, JJ., concur.*
>
> DECIDED NOVEMBER 6, 1919.

Certiorari; from Polk superior court—Judge Bartlett. December 20, 1918.

*John L. Tison,* for plaintiff in error.

*Ault & Wright,* contra.