**J. M. RADFORD GROCERY CO. v. HALPER. (No. 1758.)**

(Court of Civil Appeals of Texas. El Paso. June 11, 1925.)

1. **Trial** &#9756;139(1)—**Issues of fact raised by evidence cannot be withdrawn from jury.**

Issues of fact raised by the evidence cannot be withdrawn from jury.

2. **Fraud** &#9756;20—**Right to rely on misrepresentation acted on essential.**

It is essential to maintenance of an action in deceit that plaintiff had right to rely on misrepresentations on which he acted.

3. **Sales** &#9756;38(7)—**Representation as to financial condition may be relied on only for reasonable time.**

Ordinarily, representation as to one's financial condition, made as basis for credit, may be relied on only for reasonable time, but where a continuing one it may be relied on until party to whom it was made has notice putting him on guard.

4. **Sales** &#9756;38(7)—**Original truth or falsity of merchant's representation of financial condition immaterial, when seller put on notice that he can no longer rely on it.**

When a seller is put on notice that he can no longer rely on merchant's representation as to his financial condition, which was of continuing nature, original truth or falsity of such representation becomes immaterial.

5. **Evidence** &#9756;18—**Common knowledge that deflation took place in 1920, depreciating value of merchandise, resulting in numerous insolvencies among merchants.**

It is matter of universal knowledge in commercial world that, subsequent to World War, a period of liquidation and deflation took place in 1920, in consequence of which value of merchandise was heavily depreciated, resulting in numerous insolvencies among merchants.

6. **Bankruptcy** &#9756;423(1)—**Facts held not to show actual "fraud" on part of buyer in making financial statement entitling seller to recover, notwithstanding buyer's discharge in bankruptcy.**

"Fraud" referred to in Bankruptcy Act, § 17, subd. 2 (U. S. Comp. St. § 9601) releasing bankrupt from liabilities, except where obtaining property by false pretenses, means positive or actual fraud, involving moral turpitude or intentional wrong, and one who sold goods relying on financial statement of buyer who was discharged in bankruptcy, made 4 years before, *held* not entitled to recover under such section, where he had received information putting him on notice that he could no longer rely on such statement, and mere fact that statement was continuing in its nature was immaterial.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Fraud.]

Appeal from District Court, Taylor County; W. R. Ely, Judge.

Action by the J. M. Radford Grocery Company against James Halper. Judgment for defendant, and plaintiff appeals. Affirmed.

Davidson & Hickman, of Abilene, for appellant.

Dallas Scarborough, of Abilene, and Dyer & Morton, of El Paso, for appellee.

HIGGINS, J. Appellee, Halper, a merchant, on September 3, 1921, filed a voluntary petition in bankruptcy, and was thereafter adjudged a bankrupt. Upon the date the petition was filed he was indebted to appellant in the sum of $1,920.78, the reasonable value of goods, wares, and merchandise theretofore sold and delivered to him. Appellant proved its claim in bankruptcy, and the same was allowed. A composition of 30 per cent. was offered by the bankrupt, which was accepted by the creditors; appellant voting in favor of such acceptance. The composition was confirmed by the court, and the amount offered paid.

Subsequent thereto the present action was brought to recover the said sum of $1,920.78 less the amount paid. The amount sued for was the balance due upon goods sold during the months of May, June, July, August, and September, 1921. Appellee questions the sufficiency of the appellant's pleadings, but for the purpose of the appeal it will be assumed a cause of action is sufficiently stated for damages sustained by false and fraudulent representations contained in a financial statement made by appellee to appellant on May 25, 1917, as a basis of credit, and upon which the sale of the goods was based; the action being predicated upon section 17, subd. 2, of the Bankruptcy Act (U. S. Comp. St. § 9601). Upon trial a peremptory instruction was given to find for the defendant.

[1] The misrepresentation relied upon is that in the financial statement the appellee represented he had notes unquestionably good in the sum of $14,000, none of which were pledged to any creditor as collateral security, when in fact such notes were pledged to the First National Bank of Roswell, N. M., to secure an indebtedness of appellee of $8,000. Upon the trial, the falsity of the representation was shown, and there is also evidence that in making the sales in question the appellant relied upon the financial statement. There is evidence in the record that appellee was not guilty of positive fraud in making the misrepresentation, but these were all issues of fact, raised by the evidence, which under the established rule cannot be withdrawn from the jury.

[2] It is of course essential to the maintenance of an action in deceit that the plaintiff had the right to rely upon the misrepresentation upon which he acted. Ordinarily this is a question of fact, but upon the undisputed evidence in this case reasonable

minds cannot differ in the conclusion that at the time the sales in question were made the plaintiff was no longer warranted in acting upon the financial statement made in May, 1917.

[3] The statement was made four years before the sales, and ordinarily a representation as to one's financial condition, made as the basis for credit, may be relied upon only for a reasonable time. However, such a representation may by its terms be made a continuing one, in which case the party to whom the statement is made may rely thereon until he have notice from some source which will put him on guard against longer relying thereon. 12 R. C. L. 362. The representation was continuing in its nature by virtue of the following provision in the statement:

"This statement and agreement shall stand good as to all future credit extended or extensions granted to me by said company, unless and until I have notified said company in writing of any change in my financial condition above stated, and in absence of such notice this shall be considered as a continuing and correct statement."

[4] Appellant insists that the qualification stated with respect to continuing representations has no application to a financial statement false when made, but applies only to statements true when made, but which are altered by subsequent events. However, we can see no sound reason for a distinction in the two cases. The material question is whether the seller may continue to rely upon the financial statement. If he is put upon notice that he can no longer rely thereon, the original truth or falsity of the same becomes immaterial. The evidence shows that on the first of every year succeeding the making of the statement appellant had written appellee requesting a new statement, to which appellee made no reply. Again on April 13, 1921, appellant wrote appellee as follows:

"We have no desire to take an attitude that you might think is unreasonable, but we are making a strong effort to completely revise our credit files, and, as we have on two or three previous occasions requested a statement from you, to which you have not responded, we again ask that the information be furnished. We suppose you have one of our statement blanks on hand, as we have mailed you two or three, but if not now in your file we will be glad to send another upon request. Asking for a statement is in no manner a reflection of any kind, but is to secure information to enable us to conduct our business intelligently. We hope you give this matter the prompt attention to which it is entitled, for which we thank you, and remain."

To this letter no reply was made. In the latter part of 1918 two representatives of appellant in person called upon appellee and endeavored to obtain a financial statement. He declined to give it, informing them he would not do so because he did not know how he stood—referring to the condition of his business.

Again, about May 4, 1921, a credit man and another representative of appellant in person called upon appellee and attempted to procure from him a financial statement, and he again declined to give it, assigning the same reason. Upon each of these occasions appellee said to appellant's representatives that appellant need not sell him goods on credit if it did not want to do so.

[5] The facts stated are shown beyond question. Furthermore, it is a matter of universal knowledge in the commercial world that subsequent to the World War a period of liquidation and deflation took place in 1920, in consequence of which the value of merchandise was heavily depreciated, resulting in numerous insolvencies among merchants.

[6] In our opinion, after the interviews above referred to, the appellant was no longer justified in acting upon the financial statement made in May, 1917. The refusal at that time and the information then imparted, that appellee did not know the condition of his business, as a matter of law put appellant upon notice that it could not rely upon the original statement. The fact that the statement by its terms was continuing in its nature does not affect the matter. Parties cannot by contract eliminate an essential element of actionable fraud.

Again this action is based on section 17, subd. 2, of the Bankruptcy Act. The fraud referred to in that section means positive or actual fraud, involving moral turpitude or intentional wrong. Neal v. Clark, 95 U. S. 704, 24 L. Ed. 586; City Nat. Bank v. Young (Tex. Com. App.) 237 S. W. 243; Sanger Bros. v. Barrett (Tex. Civ. App.) 221 S. W. 1087.

It may be conceded that the statement of May, 1917, when made, constituted fraud of that nature; though there is evidence to the contrary. But it cannot be said that a stipulation in the statement making it continuing in its nature will constitute positive fraud, inducing a sale made four years later. The law defines the elements of positive fraud, and it is not competent for the parties by agreement to change such elements. The Bankruptcy Act, as applied to merchants, will be practically nullified if it be the law that actual fraud involving moral turpitude or intentional wrong can be predicated upon a misrepresentation made four years before simply because a stipulation in the statement made it continuing in its nature.

The undisputed evidence showing that appellant had no right to rely upon the original statement at the time the sales in question were made, and the evidence failing to show actual fraud at such time, the court did not err in giving the peremptory charge.

Affirmed.