### 22534. CRAWFORD v. DAVISON-PAXON COMPANY.

SUTTON, J. A discharge in bankruptcy does not release a bankrupt from liability for obtaining property by false pretenses or by false representations. *Orr Shoe Co.* v. *Upshaw*, 13 *Ga. App.* 501 (2) (79 S. E. 362); *Brandt* v. *Klement*, 20 *Ga. App.* 664 (93 S. E. 255). Such false representations may consist in the purchase of goods with no present purpose of paying for them, and in contemplation of fraudulent insolvency, and it is a question for the jury to determine from the evidence whether the circumstances adduced, even though they be slight, are sufficient to carry conviction of the existence of fraud perpetrated by such false representations. *Atlanta Skirt Mfg. Co.* v. *Jacobs*, 8 *Ga. App.* 299 (2) (68 S. E. 1077). The fact that the defendant, through his wife, purchased a large and extraordinary amount of expensive wearing apparel and other goods just prior to his bankruptcy, and while he was in a strained financial situation, together with the fact that the defendant in September informed a witness that he would have to become bankrupt, and thereafter, until just before he was adjudicated a bankrupt, permitted his wife to purchase goods from the plaintiff on credit, could be considered by the jury in determining whether the goods were purchased from the plaintiff with no present intention of paying for them and in contemplation of fraudulent insolvency. *Atlanta Skirt Mfg. Co.* v. *Jacobs*, supra; *Donnelly Co.* v. *Milligan*, 37 *Ga. App.* 530 (140 S. E. 918).

(*a*) The court did not err in charging the jury that if they believed that defendant's wife purchased the goods of the plaintiff as the agent of the defendant, with fraudulent intent not to pay for the same, and that her statements were false and fraudulent, then her fraud would be imputable to the defendant, and his discharge in bankruptcy would not discharge him from liability for the goods, and that their verdict should be in favor of the plaintiff in the full amount sued for, upon any of the reasons assigned. Civil Code (1910), § 2996. Furthermore, the evidence in this case was sufficient for submission to the jury as to whether or not the defendant himself was guilty of fraud in allowing his wife to purchase the goods from the plaintiff, and .if this charge was inaptly given, the defendant was not harmed.

(*b*) It follows that the judge of the superior court did not err in overruling the certiorari by which the defendant sought to review the judgment of the appellate division of the municipal court of Atlanta, affirming the judgment of the trial judge overruling the defendant's motion for new trial.

(*c*) This case is distinguishable from *Brooks* v. *Pitts*, 24 *Ga. App.* 386 (107 S. E. 776), in that in the *Brooks* case the purchases involved were of an ordinary and routine nature, and, further, because in the *Brooks* case there was no evidence as to contemplated bankruptcy prior to the purchases. *Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED DECEMBER 8, 1932.

162

*Craighead & Craighead, Dwyer & Dwyer, William C. Henson,* for plaintiff in error.

*White, Poole, Pearce & Gershon,* contra.