## In re GOLDMAN.
### No. 45408.

District Court, E. D. New York.

May 23, 1944.

Louis L. Garrell, of New York City (Hyman I. Bucher, of New York City, of counsel), for bankrupt, for motion.

David Geiger, of New York City (Leo A. Greenbaum, of New York City, of counsel), for judgment-creditor Jack Sasson, opposed.

BYERS, District Judge.

Motion on behalf of the bankrupt that sums withheld from him by his several employers between his adjudication on February 8, 1944, and March 30, 1944, when he entered the military service of the United States, be turned over to him. These sums amount in all to $78.41; they were withheld as deductions from his salary pursuant to the terms of garnishee orders duly issued in behalf of judgments which had been recovered against him prior to his adjudication.

The deductions were directed to be held until the further order of this court, by the terms of an order dated February 9, 1944.

The motion is opposed by one of the judgment-creditors, Jack Sasson, who relies upon the argument that the judgment which he recovered in the City Court of the City of New York against the bankrupt on March 15, 1943, is not dischargeable in bankruptcy, because it was based upon a series of nineteen checks issued by the bankrupt to him during the months of January and July of 1942, all of which were returned by the bank upon which they were drawn, because of insufficient funds.

The factual situation is a little bit difficult to understand, because the plaintiff sued to recover the total of said checks amounting to $1820, while the verdict of the jury was for $1590 including interest. Also it is not clear how the July, 1942, checks could have involved fraud or misrepresentation, in view of the dishonor of all that were issued in the preceding January.

An inspection of the pleadings shows that there were no allegations of fraud in the complaint, the action apparently being in simple contract based upon the allega-

tion that the defendant made and delivered the said several checks (which were drawn to the order of cash), to the plaintiff for value, and that they were duly endorsed and delivered to the bank for payment; that payment was not made, and that the plaintiff was the owner and holder of these said checks in the total sum of $1820.

The answer admitted the issuance and non-payment of the checks and for a defense alleged that they were executed and delivered by the defendant to the plaintiff pursuant to an usurious agreement; and that on the occasion of the execution and delivery of each check it was post-dated, and that the defendant did not receive from the plaintiff the respective amounts of each check, but that there was deducted from each "$5.00 for each $50.00 of the amount for which said check" was drawn.

The judgment-creditor relies upon the assertion that, within the contemplation of Section 1292-a of the Penal Law of the State of New York, Consol.Laws, c. 40, these checks must be deemed to have been issued with the intent or purpose to defraud.

From what has been said of the pleadings in the said action, it must be apparent that no such issue was tendered, nor can it be deemed to have been decided, at least for the purposes of this motion.

It is too soon for the bankrupt to apply under Section 150 of the Debtor and Creditor Law of the State of New York, Consol.Laws, c. 12, to the court in which the judgment was rendered, for an order that it be cancelled and discharged of record by reason of his discharge in bankruptcy.

The difficulty with the situation is that, by granting the motion, this court would interfere with the garnishee process of a state court, issued in aid of a judgment as to which it pertains to that court to determine whether the discharge in bankruptcy accomplishes a release. It would be idle to try to keep that question open for determination, and at the same time to defeat, to the extent that garnisheed funds are applicable thereto, the effect of that judgment, by granting this motion.

I see no escape from the conclusion that the decision of the effect of the bankrupt's discharge upon the Sasson judgment must be decided in the court in which it was rendered. See Personal Finance Corporation v. Robinson, Sup., 27 N.Y.S.2d 6, at page 8. Which means that this court

is constrained to deny the motion, in spite of the apparent failure of the pleadings in that action to disclose an issue of intent to defraud the plaintiff.

The opposition to the motion has not been aided by a citation from the case of Davison-Paxon Co. v. Caldwell, 5 Cir., 115 F.2d 189, 133 A.L.R. 432, which is taken from the dissenting opinion in a case which is factually not even remotely similar to this.

Motion denied.

Settle order.