**In the Matter of Arland Doyle BOYD-STON and Carolyn Mae Conner Boydston, d/b/a Chateau de Monique Wig Salon, Bankrupt.**

**Nos. BK 3–2031, BK 3–2032.**

United States District Court,
N. D. Texas,
Dallas Division.
April 2, 1975.

John E. Humphreys, Dallas, Tex., for appellees.

John Emmett, Dallas, Tex., for appellant.

## MEMORANDUM OPINION

ROBERT W. PORTER, District Judge.

■ In this appeal from an order of the Bankruptcy Judge discharging Ar-

land D. Boydston, the appellants ask this Court, in effect, to hold that the case upon which the Bankruptcy Judge based his opinion has become obsolete. I believe that the precedent, Davison-Paxon Company v. Caldwell, 115 F.2d 189 (5th Cir. 1940), cert. denied 313 U.S. 564, 61 S.Ct. 841, 85 L.Ed. 1523 (1941), requires me to affirm the decision below. If *Caldwell* —decided by a divided court nearly 35 years ago and criticized by commentators [1]—is obsolete, it is for the Fifth Circuit, not this Court, to say so.

The bankrupts, Mr. and Mrs. Boydston, according to the records before me, incurred debts of more than $28,000— including more than $7,300 at a Cadillac dealership—within about four months. Their spending spree began late in 1970, about the time Mr. Boydston retired from the U. S. Army after completing twenty years of service and reaching the rank of lieutenant colonel, and soon after the couple married.

The Bankruptcy Judge refused to grant Mrs. Boydston's discharge because she admitted that she had falsified some of the evidence in the case to mislead him. Bankruptcy Act § 14(c), 11 U.S.C. § 32(c). The ruling as to Mrs. Boydston is not challenged on this appeal.

Mr. Boydston, however, was granted a discharge, over the objection of the present appellants. The Bankruptcy Judge wrote in his opinion:

As to Mr. Boydston the issue is whether under Sec. 17 [2] failure to reveal insolvency, or the incurring of debts with no intention to repay those debts are the false pretenses or false representations contemplated by Sec. 17a(2). I find first that Sears and

Nieman Marcus did not demonstrate on this record that Mr. Boydston was insolvent at the time the debts were incurred, or that he did have at that time the subjective intent not to repay the debts. Evidence was totally lacking in this respect except to the extent that Sears and Nieman Marcus did show the increase in debts within a disproportionately short period of time, but this increase was explained because it was during the Christmas season and also because Mr. Boydston contemplated other business ventures. The evidence offered impresses me more as reckless, irresponsible naivete on the part of a recently retired military man, who had just remarried, than cold, calculated, sophisticated planning by one bent on financial deception.

■ Going a step further, the Bankruptcy Judge decided that even if Mr. Boydston had been insolvent at the time his debts were incurred, *Caldwell, supra,* would have required his discharge nonetheless, because the bankrupt's acts were not false pretenses or false representations.

For several days of hearings, the experienced Bankruptcy Judge saw and heard Mr. and Mrs. Boydston. After reviewing the record, I cannot find that his ruling is clearly erroneous. Rule 810, Bankruptcy Rules. Therefore, the order of the Bankruptcy Judge overruling the § 14 objection to Mr. Boydston's discharge is affirmed.

Counsel for the appellee is requested to prepare and submit a proposed form of judgment to the Court within ten days.

---

1. *See* 1A Collier on Bankruptcy at 1640, n. 23.

2. 11 U.S.C. § 35.