In the Matter of Danny C. WOOD et
al., Bankrupt.

SEARS, ROEBUCK & COMPANY,
Appellant,

v.

Danny C. WOOD and Sharon Kay
Wood, Appellees.

No. 77–2912
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

April 13, 1978.

Donald J. Hand, San Antonio, Tex., for appellant.

Ira M. Karp, San Antonio, Tex., for appellees.

Before GOLDBERG, AINSWORTH and HILL, Circuit Judges.

PER CURIAM:

In March 1976, appellees, Danny Wood and his wife Sharon, purchased approximately seven hundred dollars of merchandise from appellant Sears, Roebuck & Company using their charge account. In late April of the same year Wood filed a bankruptcy petition and was subsequently discharged from his debts. Sears sought a

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

judgment against Wood in the amount of the debt, claiming that Bankruptcy Act, Section 17a(2), 11 U.S.C. § 35(a)(2), which denies discharge as to "liabilities for obtaining money or property by false pretenses or false representations," prevented discharge of Wood's debt. The bankruptcy judge and the federal district judge both denied Sears' relief relying on this Court's decision in *Davison-Paxon Co. v. Caldwell*, 5 Cir., 1940, 115 F.2d 189. Sears appeals from the district court decision.

Despite Sears' allegations that Wood made materially false statements to obtain credit, Wood merely purchased goods through the ordinary use of his Sears account without referring to his ability to pay. The absence of explicit representations concerning financial condition by the bankrupt requires a holding that there have been no false pretenses or false representations. *See Davison-Paxon Co. v. Caldwell, supra.* While *Davison-Paxon* has been criticized, *see, e. g., Matter of Boydston*, 5 Cir., 1975, 520 F.2d 1098, 1100, we need not reach that issue here because we conclude that there is no evidence that Wood did not intend to pay for the merchandise or that he fraudulently concealed his financial condition. *See, e. g., United States v. United States Gypsum Co.*, 333 U.S. 364, 394–95, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948); *Gentry v. Smith*, 5 Cir., 1973, 487 F.2d 571, 575.

This record reveals a creditor who simply overextended his credit. Until the filing of the bankruptcy petition, Wood had never missed a payment on his bills. Although the bankrupt's debts exceeded his assets by three thousand dollars, Wood had been able to meet his debts as they came due. Even at the time of bankruptcy the amount of his monthly expenses exceeded his net monthly income by a bare twenty-five dollars. There was evidence that the bankrupt had received some financial assistance from his family enabling him to bridge the gap between income and expenses. A factor in his current inability to meet his bills was additional medical expenses for his family. Finally, Wood testified that he had not contemplated bank-

ruptcy until mid-April. Indeed, at the time he was advised to consider bankruptcy, he was attempting to consolidate his payments through his credit union. There is no support for a finding that Wood behaved fraudulently or that he did not intend to pay for the merchandise at the time he purchased it in March. Because we conclude that Wood's conduct was not fraudulent, Bankruptcy Act, Section 17a(2) does not bar discharge of this debt.

AFFIRMED.