**In re Roy B. TREANOR, Peggy Ann Treanor, Debtors.**

**C.P.I. CORPORATION, Plaintiff,**

v.

**Roy B. TREANOR, Peggy Ann Treanor, Defendants.**

**Bankruptcy No. 3–82–00669.**
**Adv. No. 3–82–0235.**

United States Bankruptcy Court,
W.D. Kentucky.

Oct. 21, 1982.

William E. Smith, III, Clarksville, Ind., for defendants-debtors.

R. Hite Nally, Louisville, for plaintiff.

## MEMORANDUM AND ORDER

G. WILLIAM BROWN, Bankruptcy Judge.

This bankruptcy case comes before the Court on the complaint of C.P.I. Corporation, a creditor, by counsel, seeking to have certain debts owing by the defendant-debtors to the creditor determined to be nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(A), which provides that a discharge in bankruptcy does not discharge a debtor from any debt " . . . for obtaining money, property, services, or an extension, renewal, or refinance of credit, by—(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition."

The issues at trial on September 30, 1982, were essentially:

(1) The dischargeability of the monetary value of certain alleged telephone calls made without authorization by the debtors and charged against the plaintiff's account; and

(2) The dischargeability of certain dishonored checks upon which the plaintiff had to absorb the loss and which were related to expenses incurred by the husband-debtor while an employee of the plaintiff.

The evidence of record and the evidence presented at trial adduced the following:

## FINDINGS OF FACT

On the first issue, testimony at the trial by an officer of the plaintiff corporation, relying upon business records, disclosed that the calls in question were unauthorized and were charged to the plaintiff's account over a period of approximately three months. The record further discloses that the originating number was apparently that of the defendants. It was admitted by all parties that the defendant had been terminated from the employment of the plaintiff approximately one year prior to the commencement of the unauthorized calls, and that access to the WATTS lines was available only by possession of certain codes which were changed at approximate six-week intervals.

It is uncontroverted that these access codes would have been changed a number of times between the defendant's termination and the inception of the unauthorized calls. There is no proof as to how or whether the defendant gained knowledge of the access codes other than the rankest speculation that he gained this knowledge surreptitiously or through disclosure by a current employee of the plaintiff company.

While it may be inferred that the defendant placed these unauthorized calls, in view of his telephone number appearing on the business records as the point of origination, it was admitted by plaintiff's witness that the unauthorized user of this service could have given the defendant's number at the time each call was placed.

Regarding the issue of the dishonored checks totaling $436.03, said checks were introduced into evidence as exhibits and

clearly denote that they were dishonored by the bank for the reason of insufficient funds. Thus, plaintiff was damaged in that amount due to the actions of the defendant.

## CONCLUSIONS OF LAW

The established law relating to dischargeability of debts under the Bankruptcy Act of 1938, § 17a(2), 11 U.S.C. § 35(a)(2) generally continues to be applicable to cases under 11 U.S.C. § 523(a)(2). See H.R.Rep. No. 595, 95th Cong., 1st Sess. 364 (1977), U.S.Code Cong. & Admin.News 1978, p. 5787.

■ The exceptions set forth in § 17a(2) of the Bankruptcy Act [now § 523(a)(2) of the Bankruptcy Code and in essence works no change upon the former law] are to be strictly and literally construed so as to discharge all debts except those specifically within the exceptions; that "actual fraud" must be established by clear, cogent and convincing evidence. *Davison-Paxon Co. v. Caldwell,* 115 F.2d 189 (5th Cir.1940); *Gleason v. Thaw,* 236 U.S. 558, 35 S.Ct. 287, 59 L.Ed. 717 (1915); *Sweet v. Ritter Finance Co.,* 263 F.Supp. 540 (W.D.Va.1967).

Section 523(a)(2)(A) provides that a discharge under Sections 727, 1141 or 1328(b) does not discharge an individual debtor from any debt—

> "(2) for obtaining money, property, services, or an extension, renewal, or refinance of credit, by—(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition."

■ The burden of proof is upon the plaintiff to prove each element as provided under Rule 407, Rules of Bankruptcy Procedure, which states:

> "At a trial on a complaint objecting to a discharge, the plaintiff has the burden of providing the facts essential to his objection."

The party seeking to have its debt excepted from discharge pursuant to § 523 bears the burden of proof by the fair pre-ponderance of the evidence. *Local Loan v. Hunt,* 292 U.S. 234, 244, 54 S.Ct. 695, 699, 78 L.Ed. 1230 (1934); *Lines v. Frederick,* 400 U.S. 18, 19, 91 S.Ct. 113, 114, 27 L.Ed.2d 124 (1970).

## MEMORANDUM

■ In view of the failure of the proof to support defendant's having personally placed the unauthorized calls, and the failure of proof that defendant had knowledge of the access codes necessary to utilize the WATTS line service, plaintiff has failed to sustain the requisite burden of proof to support a finding of nondischargeability of the debt relating to the telephone calls.

■ As to the issue of the dishonored checks, defendant introduced no evidence controverting the allegations of plaintiff in this respect, and neither party called defendant as a witness. In view of these circumstances, plaintiff has sufficiently met its burden of proof to support a finding of nondischargeability of the debt due and owing plaintiff for these checks in the amount of $436.03.

No proof on any of the issues attacking the dischargeability of plaintiff's debts as they relate to Peggy Ann Treanor was presented, and accordingly all claims as to her be and are dismissed.

This Memorandum and Order constitutes Findings of Fact and Conclusions of Law pursuant to Rule 752, Rules of Bankruptcy Procedure.

WHEREFORE, in view of the foregoing, and the Court being otherwise sufficiently advised,

IT IS ORDERED AND ADJUDGED that the debt in the sum of $436.03 representing the total amount of the dishonored checks be and is nondischargeable.

IT IS FURTHER ORDERED AND ADJUDGED that the sum in the approximate amount of $2,873.00 representing defendant's alleged unauthorized use of the WATTS line be and is dischargeable.

IT IS FINALLY ORDERED AND ADJUDGED that each party shall bear its own

costs incident to this adversary proceeding, as well as the respective attorneys' fees incurred. This is a final order.