In the Matter of Deborah L. MOORE, Debtor.

CHASE MANHATTAN BANK, N.A., Plaintiff,

v.

Deborah L. MOORE, Defendant.

Bankruptcy No. 84–1680.
Adv. No. 84–471.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Feb. 20, 1986.

Bruce A. Nants, Altamonte Springs, Fla., for plaintiff.

James C. McKenzie, Clearwater, Fla., for defendant.

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND MEMORANDUM OPINION

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 7 case and the matter under consideration is a Complaint filed by Chase Manhattan Bank, N.A., the Plaintiff in the above-styled adversary proceeding, which seeks an order from this Court declaring certain debts owed to Chase Manhattan Bank by the Debtor to be non-dischargeable pursuant to § 523(a)(2)(A) of the Bankruptcy Code. The facts relevant to a resolution of the matter under consideration may be summarized as follows:

On March 15, 1984 the Debtor executed and delivered a Visa Request Coupon to Chase Manhattan Bank, which, in turn, issued a Visa credit card to the Debtor with a $1,000 credit limit. Upon receipt of the card, the Debtor utilized same for purchases of goods and services on credit. During the months of May, June and July, 1984, the Debtor exceeded the $1,000 credit limit. The Bank cancelled the Debtor's account as shown on her June 6, 1984 statement.

"Your account has been closed to further purchases. Return your cards, cut in half, if you have not already done so".

No further purchases were made by the Debtor after the account was cancelled. The Debtor filed a Petition for Relief on July 26, 1984, with a sum of $2,776.22 due and owing at the time the petition was filed.

The claim of dischargeability is based on § 523(a)(2)(A) which, in pertinent part, provides as follows:

§ 523 Exceptions to Discharge

(a) A discharge under § 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—

(2) for obtaining money, property, services, or an extension, renewal, or refinance of credit by—

(A) false pretenses, a false representation, or actual fraud other than a statement respecting the debtor's or an insider's financial condition;

The claim of non-dischargeability based on misuse of credit has been considered over the years by the Fifth Circuit and also by the Eleventh Circuit. The first case often cited and also criticized was *Davison-Paxon Co. v. Caldwell*, 115 F.2d 189 (5th Cir.1940) *cert. den.* 313 U.S. 564, 61 S.Ct. 841, 85 L.Ed. 1523 (1941). In this case the Bankruptcy Court held that debts incurred prior to the bankruptcy filing were dischargeable because they were not obtained by means of actual overt false pretenses and representations. This decision was affirmed by the district court and, ultimately, by the Fifth Circuit. *Davison-Paxon* has been repeatedly criticized by commentators because it is understood to mean that a Debtor's fraudulent concealment of insolvency is rewarded by permitting the Debtor to obtain release of obligations created by misuse of credit. The Eleventh Circuit, considering in the case of *First National Bank of Mobile v. Roddenberry*, 701 F.2d 927 (11th Cir.1983), indicated its view however, that *Davison-Paxon* did not really intend to reward a deceitful Debtor. On the contrary, "it sought to deny a particularly improvident creditor the special privilege of an exemption from the general discharge". *Roddenberry*, 701 F.2d at 930.

The Eleventh Circuit stated that "notwithstanding its critics, *Davison-Paxon* retains its validity under limited circumstances, especially when the credit transactions involve a one-on-one relationship between a debtor and creditor of a type which was common in 1940". *Roddenberry*, 701 F.2d at 932. The Court pointed out, however, that further analysis is necessary when third party creditors are involved. The Eleventh Circuit, in ruling in favor of the Debtor, stated that once a credit card is used, the bank agreed to trust the cardholder and to extend credit, and once the credit is extended, the bank must decide when and if the credit will be revoked. See *Roddenberry*, supra. Having considered the matter, the Eleventh Circuit concluded that a voluntary assumption of a risk on the part of a bank continues until it is clearly shown that the bank unequivocally and unconditionally revoked the right of

the cardholder to further possession and use of the card and until the cardholder is aware of the revocation. *Roddenberry*, supra. Accordingly, debts arising prior to the communication of revocation are part of the risk assumed by the bank, authorizing the conditional possession of the cards.

Applying the foregoing legal principles, as stated by the highest court of this Circuit, it is clear that the Plaintiff failed to establish that the Defendant obtained monies or properties from the Plaintiff through false pretenses, false representation and actual fraud. At no time did the Debtor, Deborah Moore, submit any false financial statement which would show any false representation on her part to obtain the Visa card. Instead, the Bank sent a Visa Request Coupon, which entitled her to the Visa card the Bank was holding for her, upon her signing and returning the coupon to the Bank. At no time prior to the June 6, 1984 Visa statement did the Bank attempt to revoke the right of the Debtor to further possession and use of the card, and there is no evidence that after the Bank revoked the Debtor's right to the use and possession of the Visa card that the Debtor continued to use the Visa card for any purpose. This being the case, the Plaintiff failed to establish, with the requisite degree of proof, the essential elements under *Roddenberry* of a claim of non-dischargeability and, therefore, the Complaint shall be dismissed with prejudice.

A separate final judgment will be entered in accordance with the foregoing.