**In the Matter of Charles John BLACK, Sr., Bankrupt.**

**In re Geraldine Shirley BLACK, Bankrupt.**

**Nos. 73–B–133, 73–B–134.**

United States District Court, E. D. Wisconsin.

March 12, 1974.

---

Deutch & Moulton by David Allen Hansher, Milwaukee, Wis., for Kohl's.

Love, Brown, Nettescheim & Love by Neal P. Nettesheim, Waukesha, Wis., for Black.

### DECISION and ORDER

MYRON L. GORDON, District Judge.

This is an appeal by Kohl's Department Stores, Inc., from the bankruptcy court's order denying its objection to discharge; that objection is grounded upon § 17(a)(2) of the National Bankruptcy Act, 11 U.S.C. § 35(2), which provides for the denial of a discharge as to "liabilities for obtaining money or property by false pretenses or false representations. . . ."

The bankruptcy court determined that when the bankrupts, John and Geraldine Black, charged merchandise valued at $1,145.82 at Kohl's, they were solvent and intended to pay for it. I conclude that these findings are clearly erroneous and that the bankruptcy court's decision denying Kohl's § 17(a)(2) objection to discharge should be reversed. See Rule 810, Rules of Bankruptcy Procedure.

As early as November 14, 1972, the Blacks authorized their attorney to prepare bankruptcy papers in their behalf. Their new car had just previously been repossessed; Mr. Black had just sustained a $4,000 gambling loss; according to the testimony of Mr. Black, their liabilities far exceeded their assets at that time. Nevertheless, between November 18 and December 23, 1972, over their signatures, "Christmas gift" purchases totalling $1,145.82 were credited to the Blacks' charge account with Kohl's. On any one day during that period, as many as five separate transactions, involving purchases ranging from $4.80 to $88.47 each, were consummated at one or more of four Kohl's outlets.

In its order dated January 3, 1974, which discharged in full the Blacks' indebtedness to Kohl's, the bankruptcy court recited its factual conclusions that, at the time of the purchases, the "bankrupts were not insolvent", and that the Kohl's "merchandise was not obtained by false pretenses or false representations with any intent not to pay for said merchandise." Rule 810, Rules of Bankruptcy Procedure, states that:

"The court shall accept the referee's findings of fact unless they are clearly erroneous, and shall give due regard to the opportunity of the referee to judge of the credibility of the witnesses."

Mindful of the admonitions of Rule 810, I nevertheless conclude that the bankruptcy court's findings of fact are clearly erroneous; devoid of any substantial support in the record, they appear to be based solely upon portions of

the testimony of the bankrupts which are not only self-serving but inherently incredible.

Mr. Black's testimony, as well as the exhibits, establish the fact that Mr. and Mrs. Black were insolvent as of November 14, 1972, when they authorized their attorney to prepare their bankruptcy papers. The circumstances surrounding their purchases make it convincingly clear that the Blacks had no intention to pay for them.

Those portions of their testimony in which the Blacks attempted to explain away their extensive purchases during the period in question are incredible. The fact that, prior to their spending spree, the Blacks authorized their attorney to prepare their bankruptcy papers constitutes additional proof of bad faith. Mr. Black's testimony to the effect that it was his January 24, 1973, firing which alone precipitated the commencement of these proceedings in bankruptcy, is undercut by his statements with regard to the knowledge he had of his financial condition prior to that time; his observation that he "was . . . fired . . . for garnishments"; and the existence of overwhelming circumstantial evidence which compels the conclusion that the Blacks realized, at least as early as November 14, 1972, that they would soon petition for bankruptcy.

■ Notwithstanding the facts that, at the time of their Kohl's purchases, they were insolvent and, thus, could have had no realistic intention of paying for them, the Blacks nevertheless maintain that it would be improper to sustain Kohl's § 17(a)(2) objection to discharge because they made no "false pretenses or false representations" upon which Kohl's relied in extending them credit. See Davison-Paxon Co. v. Caldwell, 115 F.2d 189 (5th Cir. 1941), cert. den., 313 U.S. 564, 61 S.Ct. 841, 85 L.Ed. 1523. In effect, their position is that § 17(a)(2) does not except from discharge those debts which are created by obtaining credit through the concealment by one of his insolvency and present inability to pay. I find this position to be untenable.

Each time they presented their credit cards and signatures for the purchases in question, the Blacks impliedly represented to Kohl's that they had the wherewithall, as well as the intention, to pay for them. To the extent that they had kept their Kohl's credit account current until then, the Blacks engaged in a course of conduct and represented themselves in a manner upon which Kohl's relied. The Blacks' active purchasing conduct and the symbolic representations involved in the use of their credit card constituted a form of fraud on the store. Had the Blacks represented, orally or in a separate writing, at the time of their purchases that they could and would pay for them, it is clear that such representations would have been false for purposes of § 17(a)(2). The fact that they utilized their credit cards and signatures alone should not change the result.

The availability to them of Kohl's credit during the time in question in no way contributed to the Blacks' financial straits. The events objected to herein took place subsequent to the Blacks' manifest realization that they would take advantage of the bankruptcy act's remedial provisions. Not content to settle for but a fresh start, the Blacks abused the bankruptcy law, attempting to utilize it as a vehicle by which to obtain property while avoiding personal responsibility therefor. To the extent of these abusive excesses, they should not enjoy the immunity from personal financial responsibility to which they are otherwise entitled under the bankruptcy act.

Therefore, it is ordered that the bankruptcy court's order discharging in full the bankrupts' indebtedness to the appellant be and hereby is reversed.