In re H. Patricia KETTER, Bankrupt.

Mark TRINKLEIN, Plaintiff,

v.

H. Patricia KETTER, Defendant.

Bankruptcy No. 78–B–2085.

United States District Court,
E. D. Wisconsin.

Oct. 17, 1979.

Charles H. Hathaway, Slinger, Wis., for plaintiff.

Shinken & Shinken by Milton Shinken, Milwaukee, Wis., for defendant.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

This action is before me on appeal of the bankruptcy court's order dismissing the appellant's complaint. For reasons which follow, the bankruptcy court's order will be vacated.

The appellee, H. Patricia Ketter, was a partner with her husband in a floral business located in Cedarburg, Wisconsin, known as Peterson Floral. Ms. Ketter filed a petition in bankruptcy on November 17, 1978. On February 15, 1979, the appellant, Mark Trinklein, filed a complaint with the bankruptcy court alleging that he had been induced to invest in the floral business in question by oral misrepresentations on the part of Ms. Ketter regarding the business' income. On June 26, 1979, the bankruptcy court granted the appellee's motion to dismiss the appellant's complaint stating,

"IT IS HEREBY ORDERED that the Motion of the defendant [Ms. Ketter] to dismiss the Amended Complaint of the plaintiff is hereby granted by virtue of the fact that it is the Court's opinion that the representations in the complaint relate to alleged financial conditions of the business and must be in writing and plaintiff's [Mr. Trinklein's] action is hereby dismissed."

The sole issue before me on appeal is whether, under section 17(a)(2) of the Bankruptcy Act, 11 U.S.C. § 35(a)(2), a false representation must be in writing in order to constitute a ground for preventing a debt from being discharged in bankruptcy. Both the language of the statute and judicial interpretation of the statute support the conclusion that such a false representation need not be in writing.

11 U.S.C. § 35(a) provides:
"A discharge in bankruptcy shall release a bankrupt from all of his provable debts, whether allowable in full or in part, except such as

. . . . .

(2) are liabilities for obtaining money or property by false pretenses or false representations, or for obtaining money or property on credit or obtaining an extension or renewal of credit in reliance upon a materially false statement in writing respecting his financial condition . . ."

The structure of this statute makes clear that in order to block the discharge of a debt which involves certain aspects of credit, a creditor must be able to show reliance on a written false statement. However, the requirement that the false representations be in writing does not apply to other "liabilities" incurred by the bankrupt. Since the debt at bar represents an investment by Mr. Trinklein rather than an "extension or renewal of credit," it was not necessary for the appellant to prove that his investment was induced by a "false statement in writing."

This interpretation of 11 U.S.C. § 35(a)(2) is supported by previous judicial interpretation. In *Talcott v. Friend*, 179 F. 676 (7th Cir. 1910), aff'd, 228 U.S. 27, 33 S.Ct. 505, 57 L.Ed. 718 (1913), the court considered the effect of a general discharge in bankruptcy under section 14 of the Bankruptcy Act, 11 U.S.C. § 32, on the claim of a creditor to block the discharge of a particular debt under section 17 of the Act, 11 U.S.C. § 35. Under section 14, a creditor could only block the bankrupt's general discharge by alleging the inducement of a debt by "a materially false statement in writing." In *Talcott*, the court reasoned that a discharge under section 14 did not preclude an action by a creditor under section 17 because otherwise

". . . Congress would be held to have intended the absurdity that deceivers, despite their discharges, should remain liable for oral deceits although excused from written deceits." 179 F. at 682.

In so stating, the court of appeals for this circuit plainly contemplated that a creditor could bring an action under section 17 based on a debt induced by "oral deceits."

Oral misrepresentations have been held to constitute a basis for precluding the discharge of a particular debt under 11 U.S.C.

§ 35(a)(2) in this district. *See e. g., In re Matera,* 436 F.Supp. 947 (E.D.Wis.1977); *In re Black,* 373 F.Supp. 105 (E.D.Wis.1974). In the latter case, I stated:

"Had the Blacks represented, *orally* or in a separate writing, at the time of their purchases that they could and would pay for them, it is clear that such representations would have been false for purposes of § 17(a)(2) [11 U.S.C. § 35(a)(2)]. (emphasis added). 373 F.Supp. at 107.

Accordingly, it was error for the bankruptcy court to have dismissed the appellant's claim under § 17(a)(2) solely because the misrepresentation alleged was oral rather than written.

Therefore, IT IS ORDERED that the order of the bankruptcy court dismissing the complaint of Mark Trinklein be and hereby is vacated, and this case is remanded for further proceedings not inconsistent with this decision and order.