In the Matter of Fred N. HARPER and Inez A. Harper, Debtors.

ASSOCIATED DRY GOODS CORP., a Virginia Corporation d/b/a Robinson's of Florida, Plaintiff,

v.

Fred N. HARPER and Inez A. Harper, Defendants.

Bankruptcy No. 81–1351.
Adv. No. 81–0398.

United States Bankruptcy Court,
M. D. Florida,
Tampa Division.

March 4, 1982.

John R. Shuman, Clearwater, Fla., for plaintiff.

David S. Smith, Winter Haven, Fla., for defendants.

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND MEMORANDUM OPINION

ALEXANDER L. PASKAY, Chief Judge.

THIS IS an adversary proceeding instituted by Associated Dry Goods Corporation, a Virginia Corporation, doing business as Robinson's of Florida (Robinson's). The matter presented for this Court's consideration is the dischargeability, vel non, of a

debt owed to Robinson's by Fred N. and Inez A. Harper, the Debtors involved in the Chapter 7 liquidation case. The amount that Robinson's seeks to have declared non-dischargeable is $306.18, which is the balance on an optional charge account maintained by Fred N. and Inez A. Harper. Robinson's bases its claim of non-dischargeability on § 523(a)(2)(A) of the Bankruptcy Code, alleging that the liability was created by false pretenses, in that the Debtors had no realistic expectation to be able to pay for the goods obtained from Robinson's through the use of their credit card; therefore they obtained properties under false pretenses and in turn incurred a debt which is non-dischargeable by virtue of § 523(a)(2) of the Code.

The facts as established at the final evidentiary hearing germane to the resolution of this controversy can be summarized as follows:

In late 1975, the Debtors opened a credit account with Robinson's and maintained this account in good standing at all times. In fact, in May, 1981, the account had a balance of $0. In June, 1981, the Debtors charged $297.26 in clothing and merchandise. No payments were ever made on the new balance. At the time that the purchases were made, the Debtors had already severely overextended themselves. The documentary evidence and the testimony of the Debtors show that at the time the purchases were made at Robinson's, the Debtors were already required to pay approximately $3,150 each month on their various credit accounts. This amount included approximately $1,900 in past due payments and payments due because accounts already exceeded the assigned credit limit. This amount, however, did not include approximately $2,165 which was due and payable in full, nor did it include a signature loan of $500 which was to become due in full on July 28, 1981. The documentary evidence also shows that the Debtors made additional credit purchases in the amount of $1,851 in June, 1981, other than the purchases from Robinson's, and $740 in July, 1981, just prior to filing their petition for relief on July 31, 1981.

It is undisputed that during this time, Mrs. Harper's total disposable monthly income was $857.70, from a full-time and a part-time job, and Mr. Harper's disposable monthly income was $679.39. Mr. Harper also claimed to earn $120 per month from cleaning swimming pools, but presented no evidence to substantiate the availability of this additional income. Even assuming that he was, in fact, earning the additional $120, the Debtors' total disposable monthly income was only $1,657.09. Based on these facts, the Plaintiff contends that the debt was created by false pretenses and false representation of the Debtors by the implied promise that they will pay for the charges incurred by them when they well knew that they would not be able to pay for the purchases.

■ The claim of non-dischargeability is based on § 523 which provides:

Sec. 523(a)(2)(A)

(a) A discharge ... does not discharge an individual debtor from any debt—

(2) for obtaining money, property or services, or an extension, renewal or refinance of credit, by—

(A) false pretenses, a false representation ...

This section is derived, with slight modification, from § 17(a)(2) of the Bankruptcy Act of 1898, and the case law as developed under the Act pertaining to the obtaining of property through false pretenses and false representation is equally applicable to such a charge under the Code.

■ It has long been recognized that in every credit card purchase, there is an implied representation to the merchant and to the issuer of the card that the buyer has the ability and the intention to pay for the purchases made on credit. Accordingly, when one purchases goods on credit and knows that he is unable to comply with the payment requirements of the contract, or it appears from the evidence that he had no intention to pay for the goods, he obtains the goods through false pretenses. *In re Boydston*, 520 F.2d 1098 (5th Cir. 1975); *In the Matter of Ratajczak*, 5 B.R. 583 (Bkrtcy.

M.D.Fla.1980). Such false pretenses render the liability created by the credit purchases non-dischargeable by virtue of § 523(a)(2)(A).

 Applying these principles to the present facts, this Court is satisfied that the Debtors made their June, 1981, purchases at Robinson's with full knowledge that they would not be able to pay for them. At that time, their monthly bills already exceeded their combined income, even without taking into consideration those debts which they were obligated to pay in full; yet they did not hesitate to further strain their already precarious financial position by additional credit purchases. Mr. Harper testified that he had anticipated an additional $3,000 income during the Spring of 1981 from his honey-producing bees; however, he also testified that he kept the bees merely as a hobby, that this had never been a successful commercial enterprise, and he had never made any profit from this hobby. Under these facts, it was totally unreasonable to rely on any of the income to be derived from this enterprise and it was highly unrealistic to include the same in their budget. In any case, this income was expected in the late Spring as a result of the orange blossom and palmetto blossom seasons, but failed due to the extreme weather conditions in the Winter and Spring of 1981. By June, when the Robinson's merchandise was purchased, the Debtors knew that this income would not be forthcoming.

*In re Wood*, 571 F.2d 284 (5th Cir. 1978), cited by the Debtors, also focused on the intent of the purchaser but the Court found a credit card debt dischargeable. The court noted that although his debts exceeded his assets, Wood had been able to meet his debts when due, and that his later inability to meet his debts was due to additional medical expenses. On these facts, the Court found that the Bankruptcy harbored no fraudulent intent. In the matter under consideration, the documentary evidence shows that the Debtors were not able to meet their debts as they came due and in fact many of their credit accounts were past due. Furthermore, there is no evidence of unexpected medical expenses or other unexpected financial reverses.

Having concluded that the Debtors made the June, 1981 purchases at Robinson's with full knowledge that they would not be able to pay for them, this Court is satisfied that the liability based on charges incurred is a liability created by false pretenses and false representations; therefore they should be excluded from the protection of the overall general bankruptcy discharge.

A separate final judgment will be entered in accordance with the foregoing.