**In the Matter of Paulette LAY, Debtor.**

**MAAS BROTHERS, INC., Plaintiff,**

v.

**Paulette LAY, Defendant.**

**Bankruptcy No. 81–1094.**
**Adv. No. 81–325.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

April 15, 1983.

John R. Shuman, Clearwater, Fla., for plaintiff.

Thomas Joel Chawk, Lakeland, Fla., for defendant.

### FINDINGS OF FACT, CONCLUSIONS OF LAW AND MEMORANDUM OPINION

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a contested discharge proceeding and the matter under consideration is the dischargeability, vel non, of an admitted indebtedness in the amount of $347.26 owed by Paulette Lay (the Debtor) to Maas Brothers, Inc., the Plaintiff in the above-styled adversary proceeding. The claim of non-dischargeability is based on § 523(a)(2) of the Bankruptcy Code. The Plaintiff contends that the Debtor obtained property by false pretenses, to wit: without intent to pay for the merchandise obtained or with knowledge that she would be unable to pay for the same.

The facts germane to the resolution of the matter in controversy as developed at the final evidentiary hearing can be summarized as follows:

The Debtor, a widow with three minor children, receives a monthly social security check in the amount of $1,204. This is her primary source of income although on occasion she earns small amounts by babysitting.

Prior to the Debtor's transactions with the Plaintiff, which transactions form the basis for the present controversy, the Debtor had fixed monthly payments on various obligations owed to loan companies and department stores (including the Plaintiff) in the aggregate amount of $462.53. Technically, this left $741.47 per month for the Debtor to meet living expenses for herself and her children. According to the Debtor's testimony, her total monthly living expenses were less than the $741.47 which remained after she made the fixed monthly payments of $462.53.

The Debtor opened an option charge account with the Plaintiff in early April, 1981. Between April 2, 1981 and May 25, 1981, the Debtor purchased consumer goods in the total amount of $347.26 (Pl's Exh. # 1). The Debtor was not notified that the account was in arrears until she received the June 15, 1981 billing. On April 23, 1981, the Debtor's bank notified her that she had written checks which were returned due to insufficient funds. On May 26, 1981, the Debtor sought legal advice regarding her financial affairs and on June 22, 1981, filed a Voluntary Petition for Relief pursuant to Chapter 7 of the Bankruptcy Code. The Debtor made no further purchases on credit after consulting the attorney on May 26, 1981.

The Plaintiff contends that the Debtor was insolvent at the time she made the credit card purchases and, therefore, could not have had a realistic intent to pay for the same. In support of this contention, the Plaintiff presented evidence (Pl's Exh. # 2) that the Debtor wrote several checks between the dates of April 23, 1981 and June 19, 1981 which were returned for insufficient funds.

Section 523(a)(2)(A) provides:

"(a) A discharge ... does not discharge an individual debtor from any debt (2) for obtaining money, property, or services, or an extension, renewal or refinance of credit, by—(A) false pretenses, a false representation ..."

Section 523 is derived from § 17(a)(2) of the Bankruptcy Act of 1898 and while § 523 is slightly modified, the case law as developed under the Act remains applicable to a charge of obtaining property through false pretenses made under the Bankruptcy Code.

 There is no doubt that in every credit card purchase there exists an implied representation by the purchaser of both the ability and the intent to pay for the articles obtained. Further, a credit purchase which is made with knowledge by the purchaser of his inability to pay or with obvious lack of intent to pay, is tantamount to obtaining property by means of false pretenses. *In re Harper,* 19 B.R. 207 (Bkrtcy.M.D.Fla.1982); *In re Boydston,* 520 F.2d 1098 (5th Cir.1975).

In the case at bar, the Plaintiff has failed to establish that the Debtor incurred this debt with either knowledge of her inability to pay or an intent not to pay for items obtained. There is no conclusive evidence that the Debtor did not, at the time of making the purchase, have the financial resources to meet her obligations. While it is true that some of the Debtor's checks were returned for lack of sufficient funds, this fact in and of itself fails to establish insolvency, knowledge of inability to meet financial obligations or an intent to obtain items without paying for the same. In this case, the returned checks seem more clearly to point to the Debtor's inability to manage her financial affairs, a problem for which she sought legal advice.

Under the facts of the case at bar, the Court is convinced that the requisite element of intent to obtain goods through false pretenses or false representations is absent. Thus, the debt owed to the Plaintiff, Maas Brothers, Inc., is dischargeable.

A separate final judgment will be entered in accordance with the foregoing.