**In the Matter of William & Adrienne BORAH, Debtors.**

**MONTGOMERY WARD & CO., INC., Plaintiff,**

v.

**William & Adrienne BORAH, Defendants.**

No. 83–355.

Adv. No. 83–502.

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Nov. 10, 1983.

Bruce A. Nants, Orlando, Fla., for plaintiff.

Stephen Baker, Winter Haven, Fla., for defendants.

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND MEMORANDUM OPINION

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 7 liquidation case and the immediate matter under consideration is the dischargeability, vel non, of a debt in the amount of $1,033.50 admittedly due and owing to Montgomery Ward & Company, Inc. (Wards) by the Debtors, William and Adrienne Borah in the above-styled adversary proceeding. Wards seeks to except the debt from discharge pursuant to § 523(a)(2)(A) of the Bankruptcy Code.

The relevant facts adduced at trial are as follows:

Both of the Debtors are employed and have two minor children. William Borah is a medical technician and earns approxi-

mately $1,100 per month. His wife, Adrienne, is a billing clerk with an income of approximately $1,000 per month. The combined family income is approximately $2,100 per month.

In October, 1980, the Debtors opened a charge account with Wards with a $840 credit limit. Wards increased the credit limit over the next three years. As the result, their credit limit reached $1,988 as of March, 1983. For the three months prior to February 23, 1983, when they filed their joint petition for relief, the Debtors charged on their Wards credit card a total of $1,033.58. This sum consists of a charge of $245.22 from December 1982 billings; $232.50 from January, 1983 billings; and $557.16 from February, 1983 billings. The charges made during these three months plus the previous amount owed totals $1,876.02. According to the credit agreement with Wards, they are required to make a minimum monthly payment of approximately $95. The total present balance does not exceed the credit limit established by Wards. In fact, it is without dispute that throughout their dealings with Wards, the Debtors never exceeded the credit limit.

Not only are the Debtors within their credit limit, but they are also current on their monthly payments; even for the February 1983 period. Since the opening of their account with Wards, the Borahs have been delinquent only twice. In each instance, the delinquency was cured within three months billing period.

▮ Wards alleges that during the three month period the Borahs made purchases on their charge card with either no intent ever to pay for them or with knowledge that they were unable to ever pay for them. Because of such behavior, Wards contends that the debt should be excepted from discharge pursuant to § 523(a)(2)(A) which provides:

§ 523. Exceptions to Discharge

"(a) A discharge ... does not discharge an individual debtor from any debt—
(2) for obtaining money, property or services or an extension, renewal or refinance of credit by—

(A) false pretenses, a false representation or fraud ... ".

The Plaintiff must establish three elements in order to except a debt from discharge under § 523(a)(2)(A). He must demonstrate: (1) that the Debtor made a materially false statement; (2) the representation was made with the intent to defraud; and (3) the plaintiff relied on the false representation. *Barnett Bank of Tampa v. Pitts (In re Pitts)*, 10 B.R. 557 (Bkrtcy.M.D.Fla.1981).

▮ It is generally recognized that within every credit card purchase there exists an implied representation that the buyer has both the means and the intention to pay for the purchase. *In re Harper*, 19 B.R. 207 (Bkrtcy.M.D.Fla.1982); *In re Boydston*, 520 F.2d 1098 (5th Cir.1975); *In re Paulette Lay*, 29 B.R. 258 (Bkrtcy.M.D.Fla.1983). If a buyer charges goods knowing that he is unable to make the contractual payments or has no intention to pay for them, he obtains the property through false pretenses. *Boydston, supra; In re Black*, 373 F.Supp. 105 (E.D.Wis.1974).

▮ In the case at bar, Wards has failed to establish that the Debtors incurred their debt with either knowledge of inability to pay or an intent not to pay for the items charged. The fact that the Borahs were current in their payments and within their credit limit indicates a willingness to pay rather than an intent to defraud.

Furthermore, the Debtors were receiving income in excess of the total balance owed and far above the $95 minimum monthly payments. This suggests that the Debtors believed that they had the ability to pay for the items charged.

In light of the foregoing, the Court is convinced that Wards failed to establish the requisite elements of intent to defraud or intent to obtain goods through false pretenses or false misrepresentations. Therefore, the debt owed to the Plaintiff, Montgomery Wards Co., Inc., is dischargeable.

A separate final judgment will be entered in accordance with the foregoing.