**In re Max A. MEEKS and Martha G. Meeks, Debtors.**

**CITIBANK (SOUTH DAKOTA), N.A. Plaintiff,**

v.

**Max A. MEEKS and Martha G. Meeks, Defendants.**

**Bankruptcy No. 91–9955–9P7. Adv. No. 91–779.**

United States Bankruptcy Court, M.D. Florida, Fort Myers Division.

April 21, 1992.

**560**

Leonard L. Liszewski, Fort Myers, Fla., for defendants.

Randolph A. Fabal, Tampa, Fla., for plaintiff.

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND MEMORANDUM OPINION

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 7 liquidation case, and the matter under consideration is a claim of nondischargeability asserted by Citibank (South Dakota), N.A. (Citibank) against Max A. Meeks and Martha G. Meeks (Debtors). The claim of nondischargeability is based on the allegations set forth in the complaint that the Debtors used their credit card issued by Citibank and obtained a cash advance in the amount of $5,000 on June 20, 1991. Citibank further alleges that the Debtors filed their Chapter 7 case on July 30, 1991, or approximately six weeks after they obtained the cash advance and that they obtained the cash advance under false pretenses, and therefore, the debt should be declared to be nondischargeable pursuant to § 523 (sic).

The Debtors filed their answer in which they admitted all paragraphs set forth in the Complaint with the exception of paragraphs 7, 8, and 9. In this connection, it should be noted that there is no paragraph 7 or 8 in the Complaint, although there is a paragraph 9 which includes the ultimate legal conclusion that the Debtors obtained this cash advance under false representations or actual fraud. The record established at the final evidentiary hearing reveals the following facts which are relevant to the resolution of the claim of nondischargeability.

At one time, Mr. Meeks owned and operated several businesses, including a gladiola farm. He also operated a retail flower shop. Prior to the relevant time, Mr. Meeks was employed as a manager in a wholesale flower business operated by a corporation known as Ace Wholesale Florist, in which he was also a stockholder, albeit not the majority stockholder. As manager of Ace, he was in charge of managing one of the outlets operated by this corporation. His last business activity involved a retail establishment which was a corporation known as Active Rental Corp., in which he was the sole stockholder. The corporation was formed in 1988, but went out of business in mid-to-late 1989.

It is undisputed that the Debtors did in fact have a credit card issued by Citibank, and on June 20, 1991, Mr. Meeks obtained a $5,000 cash advance from Citibank. Although Mr. Meeks made some payments on this account prior to obtaining the cash advance, he made no further payments thereafter. During the six months preceding the filing of his petition and after obtaining the cash advance under consideration, Mr. Meeks's gross earnings were $300 per week. During this time he had a net disposable income of $835 per month. It appears that his wife was also employed at this time and had a net disposable income of $595 a month, and thus the Debtors had a total net disposable income of approximately $1,500 per month. During the same time period, the Debtors' fixed expenses were more than $1,675 a month, not including any payments on the 15 other credit cards accumulated by the Debtor with an outstanding balance of $64,369.70. Thus, without making any minimum payments on the credit cards during the six months under discussion, Mr. Meeks had a shortfall of at least $200 per month.

There is no evidence in this record whatsoever that Mrs. Meeks was involved to any extent in the transaction under consideration, and the only evidence in this record relating to her involvement with the credit card is that it was issued to both Mr. and Mrs. Meeks.

The claim of nondischargeability is based on § 523(a)(2)(A), which in pertinent part provides as follows:

§ 523. Exemptions to Discharge.

(a) A discharge under section 727, 1141, 1228(a), 1228(b) of this title does not discharge an individual debtor from any debt—

(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—

(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;

 It is clear that the burden to establish a viable claim of nondischargeability is on the party challenging the dischargeability of a particular debt, and that party must prove the nondischargeability of a debt by the preponderance of the evidence. *Grogan v. Garner*, 498 U.S. ——, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991). It is also well established that the mere use of a credit card by exceeding the credit limit is legally insufficient to establish a claim of nondischargeability of debts. *First Nat'l. Bank of Mobile v. Roddenberry*, 701 F.2d 927 (11th Cir.1983). In *Roddenberry*, Judge Hill, speaking for the court, held that when a financial institution issues a credit card, it assumes the risk that the cardholder may abuse the privilege of using the card by exceeding the credit limit. For this reason, until the privilege to use the card is effectively revoked, the mere fact that a cardholder exceeds the credit limit will not by itself suffice to establish a viable claim under § 523(a)(2)(A). However, notwithstanding *Roddenberry,* if an issuer of a credit card establishes with the requisite degree of proof that at the time the cardholder used the card, he knew or should have known that he would not be able to meet his obligations incurred by using the card, then the cardholder has obtained credit by actual fraud. Thus, the debt may be within one of the exceptions to the general bankruptcy discharge provided all elements of fraud have been established by the requisite degree of proof. *In re Stewart,* 91 B.R. 489 (Bankr.S.D. Iowa 1988); *In re Lay,* 29 B.R. 258 (Bankr.M.D.Fla.1983).

 In the present instance, there is hardly any question that at the time Mr. Meeks obtained the $5,000 cash advance, he actually knew or at least certainly should have known that he would be unable to meet his outstanding obligations to Citibank. This conclusion is supported by the fact that Mr. Meeks did not have sufficient income, even combined with his wife's income, to meet his fixed monthly obligations, let alone the minimum payments on the other 15 credit cards.

His explanation that he expected his situation to improve is nothing more than a pipe dream. There is no credible evidence in this record to establish that he had any prospects whatsoever which could form a rational basis for his belief that his financial condition would improve in the near future, unless the improvement he hoped to achieve was based on the use of his credit cards to get additional cash. Moreover, to add insult to injury, it is undisputed that seven days after obtaining the cash advance, Mr. Meeks visited Mr. Liszewski, his counsel of record, and consulted with him about filing a bankruptcy. Mr. Meeks paid Mr. Liszewski $770, which Meeks admitted was from the cash advance he had obtained. Such conduct clearly indicates his intent to seek to discharge the obligation to Citibank and to pay nothing to Citibank on this outstanding balance.

In defense of this attempt to live on credit cards, Mr. Meeks stated, as justification, that it is basically the fault of the credit card companies because they should have cut him off much earlier. Of course, this Court is unwilling to accept such an absurd explanation. Based on the foregoing, this Court is satisfied that this record is replete with overwhelming proof that at the time Mr. Meeks obtained the cash advance from Citibank, he had no intention whatsoever to repay the money he owed to Citibank. Therefore, the claim of nondischargeability has been established against Mr. Meeks by a preponderance of the evidence by Citibank under § 523(a)(2)(A). This Court is also satisfied, however, that there is not a scintilla of evidence in this record to establish a nondischargeability claim against Mrs. Meeks.

562

Thus, as to Mrs. Meeks, the Complaint should be dismissed. A separate Final Judgment will be entered in accordance with the foregoing.

DONE AND ORDERED.