**In re Glen Dean ROUSE, and Nancy Sue Rouse, Debtors.**

**BARNETT BANK OF LEE COUNTY, Plaintiff,**

**v.**

**Glen Dean ROUSE and Nancy Sue Rouse, Defendants.**

**Bankruptcy No. 92–11933–9P7. Adv. No. 92–848.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

June 9, 1993.

Scott W. Spradley, Orlando, FL, for plaintiff.

Kim Levy, Fort Myers, FL, for defendants.

FINDINGS OF FACT, CONCLUSIONS OF LAW AND MEMORANDUM OPINION

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 7 liquidation case and the matter under consideration is the dis-

chargeability vel non of an obligation in the amount of $3,789.47 owed by Glen and Nancy Rouse (Debtors) to Barnett Bank of Lee County (Bank). The Bank's claim of nondischargeability is brought in a one count complaint based upon § 523(a)(2)(A) of the Bankruptcy Code.

The claim of nondischargeability is based on the Plaintiff's contention that the Debtors are indebted to the Plaintiff in the amounts of $3,789.47; that the debt was incurred by the Debtors by use of a Mastercard Gold credit cards issued by the Bank; that the charges were incurred by charging purchases and obtaining cash advances at a time when the Debtors knew that they could not meet these obligations; or in the alternative the Debtors had no intentions of meeting the obligations incurred by use of the credit cards issued by the Plaintiff. The facts relevant to the claim of nondischargeability as established at the final evidentiary hearing are as follows:

Prior to the commencement of the case, Mr. Rouse was employed with Omni Business Systems as a manager of the warehouse. In September, 1991, he was laid off after having been employed by Omni Business Systems five years. Mrs. Rouse was, and is currently, employed as a teller by Southtrust Bank, and has been with the Bank for seven years. In June, 1992, the Debtors were offered a pre-approved Gold Mastercard Account in June, 1992, which they accepted. The cards were issued in joint names. In addition to Mrs. Rouse's salary, Mr. Rouse received a veterans disability pension. Mr. Rouse was also receiving $224 in unemployment benefits every two weeks during the relevant period.

On July 5, 1992, Mr. Rouse was arrested, and incarcerated. While in jail, Mr. Rouse instructed his wife to take a cash advance of $3,500 on the Mastercard in order to pay for a lawyer. She complied and on July 16, 1992 withdrew from the ATM machine $3,500.00. On August 7, 1992, Mr. Rouse was released on bond and as a result of his incarceration, Mr. Rouse lost his unemployment benefits. On September 8, 1992, the Debtors' filed their Petition for Relief under Chapter 7 of the Bankruptcy Code.

It is conceded by the Debtors that in the six to eight month period prior to filing their bankruptcy petition, they lived off money from the use of their credit cards. At the time of the filing of their Petition for Relief, the Debtors had 13 credit cards, with debts totalling $28,648.00. In contrast, according to the Debtors Schedules, their monthly income was $1,851.12, and their monthly expenses $2,096.82, not including any payments on their credit cards, leaving a shortfall of $245.70 per month. Mrs. Rouse had obtained a second job, working part-time at Wal–Mart to help pay their bills.

These are the facts on which the Plaintiff's claim of nondischargeability under Section 523(a)(2)(A) is based. Section 523(a)(2)(A) of the Bankruptcy Code provides in pertinent part as follows:

§ 523. Exceptions to Discharge.

(a) A discharge under section 727, 1141, 1228(a), 1228(b) of this title does not discharge an individual debtor from any debt—

(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—

(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;

The standard of proof required to prove actual fraud under 11 U.S.C. § 523(a)(2)(A) is proof by a preponderance of the evidence *Grogan v. Garner*, 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991). To prove actual fraud under this Section, the plaintiff must prove by a preponderance of the evidence that the Debtor used the charge card while knowing that he had no intention to ever repay the debt or knowing that he will not be capable of meeting the obligations incurred through the use of the card. *In re Stewart*, 91 B.R. 489 (Bankr.S.D.Iowa 1988); *In re Lay*, 29 B.R. 258 (Bankr.M.D.Fla.1983).

The classic scenario under the first proposition is present when the debtor consults an attorney for the purpose of filing bank-

ruptcy and then makes charges on the credit card before filing bankruptcy. Under the second scenario, the debtor either has no income or has insufficient income to meet his other fixed monthly obligations and has no realistic basis to anticipate a substantial increase in his income in the near future.

■ The record clearly establishes that the Debtors had no realistic basis to believe they could meet their fixed monthly obligations, and pay off the $28,000.00 of credit card debt they had amassed. In view of Mr. Rouse's unemployment, and subsequent incarceration, the Debtors incurred the debt on the Gold Mastercard at a time when it should have been apparent that they could not afford to pay the bills. Although Mrs. Rouse was employed at the time they incurred the debt, it is clear that her salary, together with the small pension payments Mr. Rouse received did not enable the Debtors to meet their fixed monthly obligations, leaving them with a shortfall of $250.00. Based on the foregoing, it is not difficult to conclude that the Debtors could not have had a reasonable expectation to have sufficient funds to meet even the minimum monthly payments required by the issuers of these credit cards. Therefore, this Court is satisfied this record warrants the conclusion that the Debtors obtained monies and properties through the use of the credit card through fraud, and the outstanding liability to the Bank shall be excepted from the general bankruptcy discharge. A separate final judgment order will be entered in accordance with the foregoing.