**In re Joseph C. JACKSON, Barbara A. Jackson, Debtor,**

**CHEMICAL BANK, Plaintiff,**

v.

**Joseph C. JACKSON, and Barbara A. Jackson, Defendant.**

**Bankruptcy No. 92–5103–8P7.
Adv. No. 92–556.**

United States Bankruptcy Court,
M.D. Florida.

June 10, 1993.

J. Steven Hudson, Deerfield Beach, FL, for plaintiff.

Lee Ellen Acevedo, Port Richey, FL, for defendant.

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND MEMORANDUM OPINION

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 7 liquidation case and the matter under consideration is the dischargeability, *vel non*, of a debt admittedly due and owing by Joseph and Barbara Jackson (Debtors) to Chemical Bank (Bank). The Bank brought the claim of nondischargeability in a two count complaint, both counts based upon § 523(a)(2)(A) of the Bankruptcy Code. The parties have stipulated to the dismissal of Mrs. Jackson from this proceeding.

The Bank's claim of nondischargeability is based on the allegations set forth in the Complaint that the Debtors are indebted to the Bank in the amounts of $2,000.00 and $4,766.94, respectively; that the Debtors incurred these debts by use of two Visa credit cards issued by the Bank to the Debtors; that the cash advances of $6,525.00 and purchases of $339.94 were incurred at a time when the Debtors knew or should have known that they could not meet these obligations and that the Debtors obtained money and property by false pretense, false representation, or actual fraud. The facts relevant to this claim of nondischargeability as established at the final evidentiary hearing are as follows:

At the time relevant, Jackson had been employed as a bus driver for Jamaica Buses, Inc. in Jamaica, N.Y. According to his Statement of Financial Affairs, he earned $27,087.00 in 1991 and $19,561.00 in 1990, respectively. His wife did not contribute financially to the household. In early 1992, Jackson became disabled due to a severe diabetic condition and applied for and received a disability compensation of approximately $250.00 per week beginning in June of that year.

In August of 1991, prior to Jackson's illness, the beginning balance on both credit cards was zero. It is undisputed that between September and November of 1991, Jackson obtained four cash advances totalling $6,525.00 through the use of the Bank's credit cards. Jackson also purchased various goods totalling $339.94 between September, 1991 and March, 1992. All these charges are without dispute with the exception of a charge of $49.00 which, according to the Debtor, was not authorized by him or his wife.

On April 15, 1992, Jackson and his wife filed their joint Petition for Relief under Chapter 7 of the Bankruptcy Code. At the time of the commencement of this case, the Debtors owned real property with a market value of $40,503.00 and had total liabilities of $60,779.29. The Debtors' unsecured debts, as they appear from the Schedules, were from the use of fifteen credit cards, including the two cards issued by the Plaintiff, and three unsecured lines of credit in the amount of $98,065.77. According to the Debtors' Schedule of Current Income and Expenses, at the time of the commencement of this case the Debtors had a net disposable monthly income of $1,000.43, and their monthly expenses totalled $1,304.12, not including any payments on the fifteen credit cards and on the three lines of credit. This left the Debtors with a monthly shortfall of approximately $300.00.

These are the facts upon which the Bank's claim of nondischargeability under § 523(a)(2)(A) is based. Section 523(a)(2)(A) of the Bankruptcy Code provides in pertinent part:

§ 523. Exceptions to Discharge.

(a) A discharge under section 727, 1141, 1228(a), 1228(b) of this title does not discharge an individual debtor from any debt—

(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—

(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;

■ The standard of proof required to prove a viable claim under this Section of the Code is that of a preponderance of the evidence. *Grogan v. Garner,* 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991). To prove actual fraud, the Bank must show by a preponderance of the evidence that the Debtor used the charge cards either with no intention to ever repay the debt or knowing he had no ability to meet the obligations incurred through the use of the cards because of his financial condition. *In re Stewart,* 91 B.R. 489 (Bankr.S.D.Iowa 1988); *In re Lay,* 29 B.R. 258 (Bankr. M.D.Fla.1983).

The classic scenario under the first proposition is when a debtor consults an attorney for the purpose of filing bankruptcy and then makes charges on credit cards before filing a petition for relief. Under the second situation, the debtor either has no income or insufficient income to meet his monthly obligations and has no realistic basis to anticipate a substantial increase in his income in the near future. *In re Dorsey,* 120 B.R. 592 (Bankr.M.D.Fla.1990).·

■ This record leaves no doubt that the Debtors had no realistic basis to believe they could meet their monthly obligations and pay off the $98,000.00 of unsecured debt they had amassed. Even assuming that the Debtors will be able to maintain the peak gross income level of $27,000.00 per year, which can only be achieved by stripped down living expenses of $1,300.00 per month or to the bare bones $15,600.00 per year, there is no question that the Debtors could not have reasonably expected to even meet the monthly interest expenses on the total of their immediate obligations. This is so because interest payments alone on a principal balance of $98,-000.00 of unsecured debt would have consumed, at a minimum, an additional $1,000.00 per month in expenses, leaving the Debtors with a cash surplus of $300.00 per month to survive. Considering Mr. Jackson's poor health, and the earning capacity of his wife, there is hardly any doubt that the Debtors could not have a reasonable basis to expect a meaningful increase in their disposable income to meet the minimum expenses to survive, let alone to meet even the minimum monthly payments of these unsecured creditors. Based on the foregoing, this Court is satisfied that the record warrants the conclusion that the Debtor obtained monies through the fraudulent use of the credit cards, and the outstanding liability to the Bank shall be excepted from the general bankruptcy discharge. A separate Final Judgment shall be entered in accordance with the foregoing.